IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GOLDIE ELENBARGER                                                              PLAINTIFF

V.                                          NO. 09-5253

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Goldie Elenbarger, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff filed her applications for DIB and SSI on September 13, 2006, alleging an inability to work since March 1, 2006, due to mental retardation, stroke, and bells palsy. (Tr. 102). An administrative hearing was held on October 30, 2007, at which Plaintiff, her mother, her sister, and her counsel appeared. (Tr. 6-27).

By written decision dated March 20, 2008, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe. (Tr. 37). Specifically, the ALJ found Plaintiff had the following severe impairment: borderline intellectual functioning. (Tr.

-1-

AO72A
(Rev. 8/82)

37).  However, after reviewing all of the evidence presented, he determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  (Tr. 38).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations:  the claimant can only read at a 2nd grade level; the claimant can only do rudimentary addition, subtraction, multiplication and division;  and the claimant is limited to performing work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment and the supervision required is simple, direct and concrete.

(Tr. at 39-40).  With the help of a vocational expert , the ALJ determined Plaintiff could perform other work, such as cleaner/housekeeper.  (Tr. 43).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 29, 2009.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 7,8).

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

AO72A
(Rev. 8/82)

in light of her residual functional capacity (RFC).  See McCoy v. Schwieker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.  Discussion**:

Of particular concern to the undersigned is the fact that Scott McCarty, who examined Plaintiff and submitted an Intellectual Assessment and Mental Status and Evaluation of Adaptive Function, stated that Plaintiff's thought processes appeared somewhat slow and simple;  her self-care skills were impaired;  her limited comprehension subtest performance suggested that she would have some problems understanding, remembering, and carrying out instructions;  and that "her slow pace evidence in general and in her Coding performance suggested that she would had [sic] difficulty responding appropriately to work pressure."  Dr. McCarty also concluded that Plaintiff "qualified for a diagnosis of Mild Mental Retardation, based on her verbal scale IQ of 69 and limitations in at least two areas of adaptive functioning." (Tr. 151).  Dr. Mullins, in a General Physical Exam for the Social Security Administration, diagnosed Plaintiff with Mental Retardation.

The ALJ found Plaintiff to suffer from Borderline Intellectual Functioning, which was the diagnosis given by the non-examining consultant, Brad Williams, in his Mental RFC Assessment. (Tr. 171).  The ALJ stated that he gave significant weight to Dr. McCarty's mental status evaluation, and noted that Plaintiff alleged difficulty in her pace on past jobs. (Tr. 41-42). However, he found that the evidence of record "does not support a finding that this is so severe as to prevent her from functioning within the residual functional capacity determined today." (Tr. 42).  He further found that it was "entirely reasonable to limit the claimant to performing work where interpersonal contact is incidental to the work performed, the complexity of tasks

is learned and performed by rote with few variables and little judgment and the supervision required is simple, direct and concrete." (Tr. 42). The ALJ failed to address Dr. McCarty's diagnosis of mild mental retardation, and Dr. Mullin's diagnosis of mental retardation.

With regard to Plaintiff's slow pace, the ALJ acknowledged that Plaintiff attempted to work several different jobs after her alleged onset date, but never held the jobs for very long,"the longest being 4 months at McDonald's, and she quite[sic] each job because of her condition." Plaintiff's slow pace was confirmed by her sister, who also worked at the same McDonald's on a different shift, and who was told by the supervisor at McDonald's that Plaintiff was fired because of her slow pace.  The ALJ did not address the issue of Plaintiff's slow pace when finding that Plaintiff would be able to perform the job of cleaner/housekeeper, although he did mention it in his hypothetical questions to the VE, who responded by stating that being able to perform at an adequate pace and carry out very short simple instructions would be important:

> Assume a hypothetical claimant, if you would, Mr. Lumpkin, that's a younger individual that has graduated high school, but who reads at the second grade level.  And though I don't really see how you could graduate from high school and read at the second grade level but that is the testimony.  And the person can do rudimentary math in terms of adding, subtracting, multiplying, and dividing.  Assume further that the hypothetical claimant is limited to doing work where interpersonal contact is incidental to the work performed, for example, assembly work.  Where the complexity of tasks is learned or performed by rote with few variables and little judgment.  And the supervision required is simple, direct, and concrete.  Did she attest to the fact that they let her go because she was too slow, I think she did.....What would you come up with?
>  A.  Light, unskilled assembly occupations to include, as representative samplings, toy assembler, machine tenders and off bearers, poultry workers, motel cleaner - cleaner/housekeeping, DOT 323.687014.
> Q. Particularly with that position would pace, being able to keep up with a good pace be important?
> A. That would require the ability to perform at an adequate pace and carry out very short simple instructions.
> Q. If someone had difficulty, or problems understanding, or remembering, or carrying out instructions would it have an affect on that job base.

AO72A
(Rev. 8/82)

>A. Yes, sir, if they had difficulty in carrying short and simple instructions, which is required at light and unskilled work, or unskilled work.
>Q. Is that repetitive work...I mean it's kind of like you're doing the same thing over and over again.
>Atty's Q - It is important in that job base to be able to present oneself in a clean and tidy manner?
>A. Yes, sir, I would think personal hygiene would be important.
>I do not have any trouble bathing or dressing myself.
>ALJ: For the record, the claimant does appear to be neat and clean at the hearing today.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). The Eighth Circuit Court of Appeals has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

The Court finds remand is necessary so that the ALJ can obtain a Mental RFC Assessment from Dr. McCarty, or from another examining physician. Specifically, the ALJ should ask the examining physician whether Plaintiff's mental impairments affect her pace.

With this evidence, the ALJ should re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of December, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-

**AO72A**
**(Rev. 8/82)**